IN THE LOTED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

Glenford W. Warmington (ID# 034842009)
Griffin Alexander, P.C.
415 Route 10, 2nd Floor
Randolph, New Jersey 07869
(973) 366-1188 Fax (973) 366-4848
Attorney for Prospect Townhomes Corporation

| | |
|---|---|
| In re | Chapter 13 |
| **Janet Jones** aka Janet Jones, Jr | Case No.: 18-20976-JKS |
| Debtor | |

**CERTIFICATION IN SUPPORT OF MOTION**

I, Sandy Bratcher, am the Property Manager Prospect Townhomes Corporation., (the "Association"), a creditor in the above captioned case, submit this Certification in support of the Creditor's motion.

1. The Debtor, Janet Jones (the "Debtor") owns a Lot within the Association commonly known as 74 Prospect Street, East Orange, New Jersey, 07018.

2. Debtor has failed to pay certain Association common expenses and related charges arising out of her ownership of 74 Prospect Street, East Orange, New Jersey, 07018.

3. The total amount of post-petition owed by Debtor to the Association as of the date of the Motion is $3,984.50. By the time this matter is heard, Debtor will owe an additional maintenance fee of $150.00 for February 2023.

4. Debtor owns a Lot as defined by the Association's Declaration of Covenants ("the Declaration") as "any individual residential building…together with the residential unit located thereon…"

5. Debtor falsely claims that she is due a credit for the replacement of steps located at her Lot within the Association.

6. Debtor, without the permission of the Association, engaged the services of a contractor to work on the steps at her Lot. As such, Debtor was advised that the Association was not obligated to reimburse her for the cost of the work on her Lot's steps as she did not have the prior approval of the Association, and that in fact the Association would not reimburse her the cost for said work.

7. Debtor at no time advised the Association that there was a defect with the steps at her Lot/unitprior to causing work to be done at her Lot.

8. Article III Section 4(d) of the Declaration provides that "Each Lot Owner shall promptly furnish, perform and be responsible for, at his own expense, the repair, maintenance, replacement…of all other items which are part of or serve the dwelling exclusively…" **Exhibit A.**

9. Article III Section 4(c) of the Declaration provides that "no Lot Owner… shall build…maintain any matter or thing upon, in over, or under the Property without the prior written consent of the Board of Directors…It is the Lot Owner's responsibility to promptly report to the Board or its duly authorized representative any defect or need for repairs for which the Corporation is responsible." **Exhibit A.**

10. Debtor has made requests of Management to sit and review the Association books of accounts with Debtor, however, Management is not obligated to sit with the Debtor to review the books.

11. Pursuant to the Association's By-Laws, the Association only has to make available the books of accounts to a Lot Owner upon request for their review.

12. Debtor has been asked not to enter the Management office as the Debtor has behaved in a threatening and aggressive manner towards me in the past.

13. Debtor has failed to attend regularly scheduled Association meetings where Debtor would have opportunity to voice her concerns.

14. Debtor has failed to appear to review the books of accounts when the opportunity to review them with other residents was provided.

15. Due to Association members failing to pay their monthly dues, the Association's prior insurance carrier declined to continue coverage to the Association as the Association was unable to pay for necessary repairs required to maintain coverage.

16. The Association has since retained new insurance coverage but Association members, including the Debtor, continue to not pay their monthly dues.

17. The New Jersey Condominium Act, N.J.S.A 46:8B-17 provides that "No unit owner may exempt himself from liability for his share of common expenses by waiver of the enjoyment of the right to use any of the common elements or by abandonment of his unit or <u>otherwise</u>."

I certify under penalty of perjury that the above is true.

Date: 2/16/2023, 2023

*Sandra Bratcher*
Sandy Bratcher
**Property Manager**
Prospect Townhomes Corporation

# EXHIBIT A

the foregoing services, inclusive of existing and future easements granted by Sponsor for the benefit of offsite locations.

(ii) A blanket and non-exclusive easement in, upon, through, and over the Property for the purpose of construction, installation, maintenance and repair of any improvements on the Lots or Common Property, and for ingress and egress thereto, which easement shall be for the benefit of: (1) Sponsor, its successors and assigns and shall exist for so long as Sponsor, its successors and assigns shall be engaged in the construction, development and sale of residential dwelling units upon the Property, and (2) the Corporation on a perpetual basis in connection with the proper discharge of its responsibilities with respect to the Lots or Common Property.

(iii) A blanket perpetual and non-exclusive easement of unobstructed ingress and egress in, upon, over, across, through the Property to the City of East Orange, the Corporation, their respective officers, agents and employees and all policemen, firemen, and emergency personnel in the proper performance of their respective duties.

Section 4.  Restrictions Applicable to the Property.  In order to preserve the character of the PROSPECT TOWNHOME CORPORATION as a residential community and for the protection of the value of the Lots, the Sponsor declares that the Property shall be subject to all covenants, easements, and restrictions of record and to the following restrictions, all of which shall run with the land.

(a) No lot except those Lots owned by the Sponsor and used by it for sales offices, administrative offices or models, shall be used for any purpose other than as a private one family residence.

(b) There shall be no obstruction of access to any Common Property, the use of which shall be in accordance with the Declaration, By-Laws and any rules and regulations promulgated by the Corporation or Board of Directors.

- 6 -

BOOK 4855 PAGE 937

BOOK 4855 PAGE 938

(c) No Lot Owner or occupant shall build, plant or maintain any matter or thing upon, in over, or under the Property without the prior written consent of the Board of Directors, except that a Lot Owner or occupant may plant flowers, trees, shrubbery, and gardens within the area appurtenant to his dwelling and as permitted by the rules and regulations of the Corporation. No person shall place trash, garbage, excess materials of any kind on or about the Property except in designated receptacles, nor, with the exception of living trees and shrubbery, burn, chop, or cut anything on, over or above the Property. Lot Owners shall not have any right to paint or otherwise decorate or change the appearance of any portion of the exterior of any building. It is the Lot Owner's responsibility to promptly report to the Board or its duly authorized representative any defect or need for repairs for which the Corporation is responsible.

(d) Each Lot Owner shall promptly furnish, perform, and be responsible for, at his own expense, the repair, maintenance, replacement, and decoration of (i) the interior of his own dwelling, including painting, wall papering, panelling, floor covering, draperies, window shades and appliances, and for (ii) maintenance, repairs and replacement of all other items which are part of or serve the dwelling exclusively including the plumbing fixtures and systems, heating and air conditioning systems, windows, leaders, gutters, door, storm doors, awnings, electrical systems and receptacles, breaker boxes, and equipment and lighting fixtures within the dwelling consistent with their homeowner warranty provision.

(e) Each lot owner shall be obligated to maintain such insurance as may be necessary to insure the repairs and/or replacement of all property and utilities owned by said lot owner.

- 7 -